[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-10935
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 8, 2010
JOHN LEY
CLERK

D.C. Docket No. 2:09-cr-00058-WCO-SSC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

OSCAR MEDRANO-REBOLLAR,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(October 8, 2010)

Before BLACK, PRYOR and MARTIN, Circuit Judges.

PER CURIAM:

Oscar Medrano-Rebollar appeals his 46-month sentence imposed after he

pleaded guilty to illegal reentry of a deported alien, in violation of 8 U.S.C.

§§ 1326(a) and (b)(2). Medrano-Rebollar argues that his sentence is procedurally and substantively unreasonable. After a thorough review of the record and the parties' briefs, we affirm.

I.

Medrano-Rebollar first argues that his sentence is procedurally unreasonable because the district court did not adequately explain its reasons for imposing a 46-month sentence. See 18 U.S.C. § 3553(c)(1) ("The court, at the time of sentencing, shall state in open court the reasons for its imposition of the particular sentence . . . ."). "We review *de novo* the sufficiency of the district court's explanation under § 3553(c)(1)." United States v. Ghertler, 605 F.3d 1256, 1262 (11th Cir. 2010).

The district court calculated Medrano-Rebollar's guideline range to be 46 to 57 months, and imposed a sentence of 46 months imprisonment. The district court explained that a sentence at the low end of the guideline range was "reasonable and fair." Although the district court could have provided a more lengthy explanation for the sentence that it imposed, we conclude that no procedural error occurred.

"Where a matter is as conceptually simple as in the case at hand and the record makes clear that the sentencing judge considered the evidence and

2

arguments, we do not believe the law requires the judge to write more extensively." Rita v. United States, 551 U.S. 338, 359, 127 S. Ct. 2456, 2469 (2007). In Rita, the Supreme Court explained that it is not always necessary for the judge to state

> explicitly that he had heard and considered the evidence and argument; that . . . he thought the Commission in the Guidelines had determined a sentence that was proper in the mine run of roughly similar . . . cases; and that he found that [the defendant's] personal circumstances here were simply not different enough to warrant a different sentence.

Id. In this case, as in Rita, "context and the record make clear that this, or similar, reasoning, underlies the judge's conclusion." Id. We therefore conclude that Medrano-Rebollar's sentence is procedurally reasonable.

II.

Medrano-Rebollar also challenges the substantive reasonableness of his sentence. We review the substantive reasonableness of a sentence for abuse of discretion in light of the totality of the circumstances. Gall v. United States, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007). "[O]rdinarily we would expect a sentence within the Guidelines range to be reasonable." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both th[e] record and the factors in section 3553(a)." Id.

3

Medrano-Rebollar argues that his sentence is substantively unreasonable because it is greater than necessary to achieve the purposes of sentencing set forth in 18 U.S.C. § 3553(a)(2). We disagree. Given Medrano-Rebollar's criminal history and his failure to comply with the law following his initial removal from the United States, we cannot say that his low-end guideline sentence of 46 months is unreasonable. See § 3553(a)(2) (requiring courts to consider the need for the sentence "to promote respect for the law" and "to afford adequate deterrence to criminal conduct").

For these reasons, Medrano-Rebollar's sentence is AFFIRMED.